IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KATHRYN WORKMAN, on behalf of
herself and all others similarly situated,

    Plaintiff,

 v.

PLUM INC., D/B/A/ PLUM ORGANICS,

    Defendant.
                                   /

No. C 15-02568 WHA

**ORDER RE MOTION TO DISMISS**

## INTRODUCTION

In this food-labeling challenge, defendant food manufacturer moves to dismiss for failure to state a claim. To the extent stated herein, defendant's motion is **GRANTED**.

## STATEMENT

Plaintiff Kathryn Workman purchased several varieties of defendant Plum's Organics Mighty 4 puree pouches and fruit bars in 2014 and 2015. Each Mighty 4 product at issue in our case consists of a puree pouch of blended ingredients or fruit bars marketed for consumption by toddlers. In purchasing the products, plaintiff read, relied on, and was allegedly deceived by the labeling and advertising displayed on the front packaging, namely the pictures of the ingredients on the principal display panel. Each label at issue showed a picture containing ingredients from four different food groups. For example one flavor of puree pouch depicted pumpkin, pomegranate, quinoa, and yogurt, as shown below (Defendant's RJN; Exh. 1):



These ingredients, however, were not the only items contained in the puree pouches and fruit bars. In fact, the most prominent ingredients in most of the products were apple, pear, or banana puree. As required by the FDA, the products contained a "Nutrition Facts" panel, listing all ingredients in descending order of predominance.

Essentially, plaintiff claims that the products' front packaging conveyed that the contents were largely made up of the pictured ingredients (such as pumpkin, pomegranate, quinoa, and yogurt), when, in fact, these were not the most prominent ingredients. Thus, plaintiff argues, these deceptive labels violated the California Consumer Legal Remedies Act Section 1750 and the California Business and Professions Code Section 17200.

Now, defendant moves to dismiss for (1) failure to state a claim under Rule 12(b)(6), (2) lack of standing, and (3) failure to plead with sufficient particularity under Rule 9. This order follows full briefing and oral argument.

2

**ANALYSIS**

**1.   MOTION TO DISMISS UNDER RULE 12(b)(6).**

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). While a court deciding a motion to dismiss must take a complaint's well-pleaded factual allegations as true, it also must determine, relying on its "judicial experience and common sense," whether those allegations amount to a "plausible" claim. *Id.* at 664.

In our case, plaintiff's claims for relief are governed by the reasonable consumer test. Under this standard, a plaintiff must show that "members of the public are likely to be deceived" by the product at issue. *Freeman v. Time, Inc.*, 68 F.3d 285, 289 (9th Cir. 1995). The California Supreme Court has recognized "that these laws prohibit not only advertising which is false, but also advertising which, although true, is either actually misleading or which has the capacity, likelihood or tendency to deceive or confuse the public." *Leoni v. State Bar*, 39 Cal.3d 609, 626 (1985).

Here, plaintiff has not met *Iqbal*'s plausibility requirement. After carefully reviewing the labels at issue, this order finds that a reasonable consumer would not be deceived by them. Plaintiff concedes that the labels contain no affirmative misrepresentations and that all of the items pictured are actually present in the product. In contrast to plaintiff's assertions, a reasonable consumer would simply not view pictures on the packaging of a puree pouch or box of fruit bars and assume that the size of the items pictured directly correlated with their predominance in the blend. One can hardly walk down the aisles of a supermarket without viewing large pictures depicting vegetable or fruit flavors, when the products themselves are largely made up of a different base ingredient. Every reasonable shopper knows that the devil is in the details. Moreover, any potential ambiguity could be resolved by the back panel of the products, which listed all ingredients in order of predominance, as required by the FDA. As our court of appeals stated in this context, "reasonable consumers expect that the ingredient list contains more detailed information about the product that confirms other representations on the packaging." *Williams v. Gerber Products Co.*, 552 F.3d 934, 939 (9th Cir. 2008).

3

1    While our court of appeals has never addressed the issue of true but allegedly deceptive pictures on food labels under the CLRA, this order agrees with the numerous decisions that have dismissed similar food labeling claims at the pleading stage. Where some plaintiffs alleged deceptive advertising in the sale of crackers where the packaging read: "made with real vegetables," the district court rejected that claim. *Red v. Kraft*, No. 10-1028, 2012 WL 5504011, at *3 (C.D. Cal. Oct. 25, 2012) (Judge George Wu). *Red* held that "plaintiffs' theory of the case is that the packaging suggests the product is healthy and contains a significant amount of vegetables because the packaging boasts that the crackers are made with real vegetables and depicts vegetables. The fact remains that the product is a box of crackers, and a reasonable consumer will be familiar with the fact of life that a cracker is not composed of primarily fresh vegetables." *Ibid.*

Where a plaintiff alleged that a package of dip labeled with the statement, "with garden vegetables" had been misleading because it would likely to deceive a reasonable consumer, the district court rejected that claim. *Henderson v. Gruma Corporation*, No. 10-4173, 2011 WL 1362188, at *1 (C.D. Cal. Apr. 11, 2011) (Judge Howard Matz). *Henderson* held that a product that contained avocado powder, dehydrated onion, garlic powder, and bell pepper would be unlikely to deceive a reasonable consumer because the product "does in fact contain vegetables that can be grown in a garden." *Id.* at *12. While *Henderson* declined to dismiss the plaintiff's claim related to the large "guacamole" label and pictures of avocados, that was because the product itself did not actually constitute guacamole.

Here, plaintiff's claim fails at the threshold. The products at issue do not display any affirmative misrepresentations. They merely show pictures of featured ingredients contained in the puree pouch and fruit bars. No reasonable consumer would expect the size of the flavors pictured on the label to directly correlate with the predominance of the pictured ingredient in the puree blend.

In opposition, plaintiff largely relies on our court of appeals' decision in *Williams*, cited above, which stated that "California courts . . . have recognized that whether a business practice is deceptive will usually be a question of fact not appropriate for decision on demurrer" and further

4

stated that motions to dismiss on the grounds that a reasonable consumer could not plausibly have been deceived should only be granted in "rare situations." *Williams*, 552 F.3d at 938–39. Moreover, *Williams* declared: "We do not think that the FDA requires an ingredient list so that manufacturers can mislead consumers and then rely on the ingredient list to correct those misinterpretations and provide a shield for liability for the deception." *Ibid*.

      That decision, however, is materially distinguishable from our case. *Williams* involved fruit snacks packaging displaying pictures of several fruits. There, our court of appeals found three potentially deceptive aspects of the defendant's label:

> The product is called "fruit juice snacks" and the packaging pictures a number of different fruits, potentially suggesting (falsely) that those fruits or their juices are contained in the product. Further, the statement that Fruit Juice Snacks was made with "fruit juice and other all natural ingredients" could easily be interpreted by consumers as a claim that all the ingredients in the product were natural, which appears to be false. And finally, the claim that Snacks is "just one of a variety of nutritious Gerber Graduates foods and juices that have been specifically designed to help toddlers grow up strong and healthy" adds to the potential deception.

*Ibid*. As an initial matter, *Williams* issued shortly before the Supreme Court significantly changed the Rule 12 pleading standards in *Iqbal*, cited above. Furthermore, our court of appeals' main reservations about the deceptiveness of the fruit juice snacks label related to its affirmatively false statements. There, the display panel showed pictures of many fruits not actually contained in the product. In addition, the label stated that the snacks were made with "other all natural ingredients" when, in fact, many of the ingredients happened to be unnatural. Based on this language, the undersigned judge held in a previous decision involving the true statement "made with real fruit," that *Williams*' applicability was limited to affirmative misrepresentations: "Plaintiff's reliance on *Williams v. Gerber* is inapposite because that action involved an affirmative misrepresentation. The packaging of the 'fruit juice snacks' in *Williams* contained pictures of different fruits not actually contained in the product." *Manchouck v. Modelez Int'l Inc.*, No. 13–02148, 2013 WL 5400285 (N.D. Cal. Sept 26, 2013) at *3. This order stands by that previous ruling. Here, in contrast to *Williams*, the packaging at issue contained no

5

affirmative misrepresentations and the pictures were simply not likely to mislead a reasonable consumer.

*Williams*' final beef with the fruit juice snacks involved the "nutritious" statement, quoted above. In a footnote, however, *Williams* qualified this assertion, stating that the "claim that Snacks is 'nutritious,' were it standing on its own, could arguably constitute puffery, since nutritiousness can be difficult to measure concretely. . . . This statement certainly contributes, however, to the deceptive context of the packaging as a whole." *Williams*, 552 F.3d at 939 at n. 3. Therefore, any puffery-like statements (or pictures) on the Mighty 4 label, standing alone, would not rise to the level of being deceptive.

Other than relying on *Williams*, plaintiff's opposition and complaint merely reiterate that the pictures displaying "a heaping mound of greek yogurt," "a mound of quinoa," and "plenteous quantities of pumpkin" would lead a reasonable consumer to believe that those ingredients were the primary ingredients in the puree pouch or fruit bar (Compl. ¶¶ 16–19). In addition, at oral argument, plaintiff asserted that the packaging would mislead a reasonable consumer because it did not display pictures of applesauce (the primary ingredient in many of the products). For the reasons stated above, these allegations are insufficient.

Defendant also moves to dismiss based on plaintiff's alleged lack of standing and plaintiff's failure to plead with sufficient particularity under Rule 9. Because this order finds that plaintiff has failed to state a claim under Rule 12(b)(6), it need not address those arguments.

### 2. JUDICIAL NOTICE.

Defendant requests judicial notice of the eleven product labels at issue in our case (Defendant Exhs. 1–11). Plaintiff does not oppose. Defendant's requests for judicial notice are **GRANTED**, as the contents of these documents are "not subject to reasonable dispute," and are incorporated into the complaint by reference. FRE 201.

### CONCLUSION

To the extent stated herein, defendant's motion to dismiss is **GRANTED**. Appended to her opposition, plaintiff submitted a proposed amended complaint, the only substantive change being that plaintiff seeks money damages for the CLRA claim. At oral argument, plaintiff also stated

6

that amendment should be allowed because defendant had recently issued a press release indicating that it would be changing its product labeling. Defendant's press release is irrelevant to the legal issue presented here. Moreover, as this order finds that the labels at issue are not deceptive, and the labels themselves cannot be changed by a new complaint, any amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). Thus, leave to amend is **DENIED**. Judgment will be entered separately.

**IT IS SO ORDERED.**

Dated: November 2, 2015.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE